**BURLINGTON NORTHERN RAILROAD COMPANY, Plaintiff–Appellant,**

**v.**

**DEPARTMENT OF REVENUE OF the STATE OF WASHINGTON; William R. Wilkerson, in his capacity as Director of the Department of Revenue of the State of Washington, Defendants–Appellees.**

No. 92–36774.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 8, 1994.

Decided April 28, 1994.

Gregory J. Fletcher, Heiskell, Donelson, Bearman, Adams, Williams & Kirsch, Memphis, TN, for plaintiff-appellant.

Cameron G. Comfort and James P. Richmond, Asst. Atty. Gen., Dept. of Revenue of the State of Washington, Olympia, WA, for defendants-appellees.

Before: HUG, HALL and THOMPSON, Circuit Judges.

Opinion by Judge Thompson.

DAVID R. THOMPSON, Circuit Judge:

The State of Washington valued Burlington Northern Railroad Company's transportation property within the state, for *ad valorem* tax purposes, at $412.4 million for tax year 1988 and $423.5 million for tax year 1989. Burlington Northern sued the state in district court under section 306 of the Railroad Revitalization and Regulatory Reform Act of 1976 (the Act), 49 U.S.C. § 11503 (1988), alleging that the state discriminated against it by overvaluing its property. Burlington Northern contended the maximum value of its transportation property in Washington should have been no more than $94.1 million for tax year 1988 and no more than $90.8 million for tax year 1989.

After a bench trial, the district court upheld the state's valuation, except that it excluded the lessor's interest in property leased by Burlington Northern and it ordered the state to give Burlington Northern the benefit of a statutory exemption for motor vehicles for 1989. Burlington Northern appeals. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Section 306(1)(a) of the Act, as recodified, prohibits a state from assessing railroad transportation property "at a value that has a higher ratio to the true market value of the rail transportation property than the ratio that the assessed value of other commercial and industrial property ... has to the true market value of the other commercial and industrial property." 49 U.S.C. § 11503(b)(1). Burlington Northern contends the state's determination of the market value of its transportation property is too high, and thus the ratio of assessed value to market value violates section 306(1)(a). It argues the district court erred in three ways in accepting the state's valuation.

First, it argues the district court erred in deferring to the state's choice of the valuation method used to set the market value of its property. It argues the district court wrongly relied on a Fourth Circuit case, *Chesapeake Western Ry. v. Forst,* 938 F.2d 528 (4th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1577, 118 L.Ed.2d 220 (1992). In *Chesapeake Western,* the Fourth Circuit held that although a railroad may challenge the application of the valuation method used by a state, it cannot challenge the method itself. *Id.* at 530–33.

We need not decide whether *Chesapeake Western* should be followed in this circuit. Here, the district court cited *Chesapeake Western,* but it did not preclude Burlington Northern from challenging the state's method of valuation. The court allowed Burlington Northern to present evidence of the railroad's value based on other valuation meth-

ods. In the end, the district court did not blindly accept the state's valuation method. It simply gave substantial deference to it.

This was proper. Section 306(2)(d) of the Act, as recodified, provides that "[t]he burden of proof in determining assessed value and true market value is governed by State law." 49 U.S.C. § 11503(c). Under Washington law, the determination of the value of the property by public officials is presumed correct. RCW 84.40.0301(1). This presumption may be defeated only by evidence that is "clear, cogent and convincing." *Id.* The district court correctly applied this standard.

■ Second, Burlington Northern argues the district court erred by failing to determine the market value of Burlington Northern's property. Burlington Northern "seeks . . . a level playing field and the opportunity to establish the true market value of its rail transportation property by any appropriate valuation approach." Burlington Northern Reply Brief at 20. We reject this argument.

Burlington Northern was given the opportunity to establish the value of its transportation property. The district court considered its evidence and arguments, but, except for the two adjustments previously noted, the court found Burlington Northern had not shown by clear, cogent and convincing evidence that the state's valuation was incorrect. The district court entered its judgment based upon its findings. In that judgment the court fixed the market value of Burlington Northern's transportation property within the state.

■ Third, Burlington Northern contends the district court erred in excluding evidence of other states' valuations of Burlington Northern's nationwide transportation property. The district court excluded this evidence under Federal Rule of Evidence 403. It determined that if the evidence were admitted, it would result in a "waste of time, confusion and undue prejudice because of the obvious complications of trying to litigate how and why and on what basis assessments in other states were made." Transcript of Proceedings (April 29, 1992) at 780.

■ We review a district court's evidentiary rulings for abuse of discretion. *McGoni-*

*gle v. Combs,* 968 F.2d 810, 818 n. 6 (9th Cir.), *cert. dismissed,* —— U.S. ——, 113 S.Ct. 399, 121 L.Ed.2d 325 (1992).

The district court did not abuse its discretion in excluding the proffered evidence. Some of the figures reflecting the valuations other states had placed on Burlington Northern's nationwide transportation property resulted from negotiations between Burlington Northern and various state officials. These figures represented compromise values which, as the district court noted, would be only marginally relevant to show that Washington's valuation of Burlington Northern's nationwide property was incorrect. Moreover, had the district court admitted some or all of these figures into evidence, the state most certainly would have sought to examine witnesses to ascertain just how the various other states' valuations were determined. Such a challenge would have extended the trial by a considerable period without appreciable benefit. The district court acted within its discretion in excluding the proffered evidence.

AFFIRMED.